# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **REINALDO MORENO-RODRIGUEZ,** § § § *Petitioner*, § § **v.** § § **WARDEN,** *in his or her official capacity* § as Warden of the ERO El Paso Camp East § Montana Detention Center; **MARY DE** § **ANDA-YBARRA,** *in her official capacity* as § Field Office Director of the ICE El Paso § Field Office of Enforcement and Removal § Operations, U.S. Immigrations and Customs § Enforcement; **TODD M. LYONS,** *in his* § *official capacity* as Acting Director, § Immigration and Customs Enforcement; § **KRISTI NOEM,** *in her official capacity* as § Secretary, U.S. Department of Homeland § Security; and **PAMELA JO BONDI,** *in her* § *official capacity* as Attorney General of the § United States, § § *Respondents*. § | | **EP-26-CV-00084-DCG** |

## ORDER TO SHOW CAUSE

Petitioner Reinaldo Moreno-Rodriguez ("Petitioner") challenges his detention pursuant to 28 U.S.C. § 2241.[1] The issues raised in his Petition require an answer from Respondents. The Court therefore **ORDERS** Respondents to show cause why the Court should not grant a writ of habeas corpus.

---

[1] *See generally* Pet. ECF No. 1.

**I.     Background**

For the purposes of this Order only, the Court presumes the following facts are true. Petitioner is a citizen of Cuba who entered the United States in 1994.[2] On June 25, 2025, United States Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner at "his regular check in."[3] ICE first detained Petitioner in Miramir, Florida.[4] Petitioner is now detained at Camp East Montana in El Paso, Texas.[5]

On January 19, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus (ECF No. 1).[6] He argues that Respondents are detaining him in violation of the Immigration and Nationality Act ("INA"), bond regulations, and the Due Process Clause of the Fifth Amendment.[7] He asks the Court to order his immediate release or a bond hearing within seven days.[8] He additionally asks the Court to assume jurisdiction, prevent his transfer outside of the Western District of Texas during the pendency of this case, declare his detention unlawful, and set requirements if Respondents re-detain him in the future.[9]

---

[2] *See id.* at 1.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the internal pagination of the cited document.

[3] *Id.* at 2.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 15.

[7] *Id.* at 10–13.

[8] *Id.* at 14.

[9] *Id.*

## II. Discussion

### A. Habeas Corpus Petition

Under 28 U.S.C. § 2241, a detainee may challenge his confinement as unlawful by filing a habeas corpus petition.[10] The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") specify what the Court must do after receiving such a petition. Although the Habeas Rules govern petitions filed under 28 U.S.C. § 2254, they also apply to petitions filed pursuant to § 2241.[11]

Habeas Rule 4 directs that the Court "examine" a petition and "dismiss" it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any relief."[12] If dismissal is not appropriate, the Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted."[13] Should the petition survive prescreening, "the judge *must* order the respondent[s] to file an answer, motion, or other

---

[10] *See* 28 U.S.C. § 2241(c) (requiring petitioner to show that he is "in custody in violation of the Constitution or laws or treaties of the United States"); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

[11] *See* Rules Governing Section 2254 Cases ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254"); *see also* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

*See also Perez v. Hijar*, No. 22–50904, 2023 WL 4559366, at *1 (5th Cir. July 17, 2023) ("Rule 1(b) of the rules governing § 2254 cases articulates that these rules may apply to other habeas corpus petitions as well").

[12] *See* Habeas Rule 4; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.").

[13] 28 U.S.C. § 2243.

response within a fixed time, or to take other action the judge may order."[14] 28 U.S.C. § 2243 requires that the response "be returned within three days" or "not exceeding twenty days."[15] However, courts have "discretionary authority" to alter the "strict time limits prescribed by § 2243."[16]

Having preliminarily examined the foregoing petition, the Court concludes that (1) summary dismissal is not appropriate, and (2) an extension of the default response time is not warranted. The Court will therefore order Respondents to show cause within three days why the Court should not grant the Petition. If necessary, the Court will order a hearing or additional briefing after reviewing the parties' filings.

B.   **Prevention of Transfer Out of the Western District of Texas or Removal from the United States**

Petitioner separately asks the Court to prevent his transfer outside of the Western District of Texas while this case is pending.[17] Many courts, including those in this Division, have granted this type of relief pursuant to their "inherent authority to preserve and assess [their] own jurisdiction, *not* as a TRO."[18] This authority is particularly relevant in the immigration habeas

---

[14] Habeas Rule 4; *see also* 28 U.S.C. § 2243 (requiring the district court to issue the order "forthwith"); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (concluding that a district court acted "forthwith" by issuing a show cause order "just twenty-one days after [the] petition was filed").

[15] 28 U.S.C. § 2243.

[16] *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-CV-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases) (reasoning that because Congress approved the Habeas Rules in 1976 and enacted § 2243 in 1948, the former governs the district court's authority to set response deadlines).

[17] Pet. at 14.

[18] *See, e.g.*, Order, *Quizhpi Caguana v. Noem*, No. 3:25-CV-534-KC (W.D. Tex. Nov. 12, 2025), ECF No. 3 (citing *Sepulveda Ayala v. Noem*, No. 25-CV-5185, 2025 WL 1207655, at *4 (W.D. Wash. Apr. 26, 2025)).

context, where petitioners seeking relief from detention may be transferred or removed before their cases are fully considered.[19]

Accordingly, Respondents may not transfer Petitioner out of the El Paso Division of the Western District of Texas during the pendency of this case or until the Court orders otherwise. This relief is granted *not* as a TRO or protective order, but rather to preserve the Court's jurisdiction and ability to assess the case on its merits.[20]

---

*See also United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978) ("[T]he ["inherent powers"] doctrine is rooted in the notion that a federal court, sitting in equity, possesses all of the common law equity tools of a Chancery Court (subject, of course, to congressional limitation) to process litigation to a just and equitable conclusion."); *Santiago v. Noem*, No. 3:25-CV-361-KC, 2025 WL 2606118, at *2 (W.D. Tex. Sept. 9, 2025) ("The Court finds persuasive the decisions enjoining removal and transfer of petitioners under the Court's inherent power to preserve its ability to hear the case.").

[19] *See, e.g.*, Order, *Pablo Pablo v. Lyons*, No. 3:25-CV-566-DCG (W.D. Tex. Dec. 5, 2025) ("By the time the Court ordered Respondents not to remove [the petitioner], he had arrived in Guatemala City."); Order, *Blandon Raudez v. Bondi*, No. 3:25-CV-493-DB (W.D. Tex. Oct. 30, 2025), ECF No. 11 (admonishing United States Immigration and Customs Enforcement ("ICE") for removing habeas petitioner from El Paso to Mexico "after the Court unequivocally ordered the parties not to do so, and before he could be heard in this Court of law.").

[20] The All Writs Act vests federal courts with the authority to preserve and exercise their limited jurisdiction. *See* 28 U.S.C. § 1651 [hereinafter "All Writs Act"]; *ITT Cmty. Dev. Corp.*, 569 F.2d at 1359 ("The All Writs Act may be said to provide a federal court with those writs necessary to the preservation or exercise of its subject matter jurisdiction. The Act is necessary because federal courts, being courts of limited jurisdiction, would not otherwise possess the tools necessary to implement their jurisdictional grants.").

The Fifth Circuit recently issued an unreported (and therefore non-precedential) opinion holding that 8 U.S.C. § 1252(g) prevents district courts from staying a habeas petitioner's removal "to preserve the status quo." *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026). This is because "[a] request for a stay of removal is a *challenge to a removal order*," which § 1252(g) prevents district courts from hearing. *Id.* (emphasis added). Unlike in *Imran*, however, it does not appear that the Government has issued a removal order against Petitioner. *See generally* Pet. Because *Imran* is both non-precedential and distinguishable from this case, the Court is not persuaded that it should apply here. *See, e.g.*, *United States v. Torres-Jaime*, 821 F.3d 577, 582 (5th Cir. 2016) ("Unpublished opinions, although not precedential, may be considered persuasive authority.").

**III.     Conclusion**

For the foregoing reasons, the Court **ORDERS** Respondents to file a response to the "Petition for Writ of Habeas Corpus" (ECF No. 1) by no later than **February 5, 2026**. This response must identify each factual allegation contained in the Petition that Respondents dispute. Petitioner may file a reply within **three days** after Respondents serve their response.[21] If necessary, the Court will order a hearing or additional briefing upon review of the pleadings.

The Court further **ORDERS** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.

The District Clerk shall **SERVE** copies of the "Petition for Writ of Habeas Corpus" (ECF No. 1) and this Order upon Respondents **and** the United States Attorney in El Paso, Texas.[22]

**So ORDERED and SIGNED this 2nd day of February 2026.**

_____
DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE

---

[21] *See generally* FED. R. CIV. P. 6(a) (providing methods for computing time).

[22] *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] and on the attorney general or other appropriate officer of the state involved.").