**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **REINALDO MORENO-RODRIGUEZ,** | § | |
| | § | |
| *Petitioner*, | § | |
| **v.** | § | |
| | § | |
| **WARDEN,** *in his or her official capacity* | § | |
| as Warden of the ERO El Paso Camp East | § | |
| Montana Detention Center; **MARY DE** | § | |
| **ANDA-YBARRA,** *in her official capacity* as | § | |
| Field Office Director of the ICE El Paso | § | |
| Field Office of Enforcement and Removal | § | **EP-26-CV-00084-DCG** |
| Operations, U.S. Immigration and Customs | § | |
| Enforcement; **TODD M. LYONS,** *in his* | § | |
| *official capacity* as Acting Director, | § | |
| Immigration and Customs Enforcement; | § | |
| **KRISTI NOEM,** *in her official capacity* as | § | |
| Secretary, U.S. Department of Homeland | § | |
| Security;[1] and **PAMELA JO BONDI,** *in her* | § | |
| *official capacity* as Attorney General of the | § | |
| United States, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER STRIKING AMENDED PETITION

On January 19, 2026, Petitioner Reinaldo Moreno-Rodriguez ("Petitioner") filed a

petition for writ of habeas corpus (the "Original Petition") challenging his immigration detention

under 8 U.S.C. § 1231.[2]  On February 2, 2026, the Court ordered Respondents to show cause

---

[1] Although Secretary Noem will cease to hold office on March 31, 2026, the Court will wait to order substitution until her successor has been appointed. *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . resigns[] or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . The court may order substitution at any time . . . .").

[2] *See generally* Original Pet., ECF No. 1.

why it shouldn't grant the Original Petition.[3]  Respondents timely submitted their response on February 5, 2026.[4]

On March 15, 2026, Petitioner filed an "Amended Petition for Writ of Habeas Corpus and Order to Show Cause within Three Days."[5]  That filing, however, is procedurally defective under Federal Rule of Civil Procedure 15.[6]  The latest possible date on which Petitioner could have amended his Original Petition as a matter of course under Rule 15(a)(1) was February 26, 2026—21 days after Respondents served their Response.[7]  Having failed to amend the Original Petition within that timeframe, Petitioner's proposed amendment was governed by Rule 15(a)(2), which required him to obtain Respondents' written consent or the Court's leave before amending the Petition.[8]  Petitioner's filing doesn't indicate that he obtained Respondents' written consent.[9] Nor did Petitioner move for leave to amend before filing his Amended Petition.

---

[3] Order Show Cause, ECF No. 2.

[4] Resp'ts' Resp., ECF No. 3.

[5] *See generally* Am. Pet., ECF No. 4.

[6] Rule 15 applies in habeas corpus cases like this one.  *See Parker v. Dowling*, 625 F. App'x 343, 346 (10th Cir. 2015) ("A petition for writ of habeas corpus filed pursuant to § 2241 may be amended or supplemented as provided by Federal Rule of Civil Procedure 15." (first citing 28 U.S.C. § 2242; and then citing *Mayle v. Felix*, 545 U.S. 644, 656 (2005))).

*Cf. Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1114 (5th Cir. 1990) (applying Rule 15 to habeas proceedings brought under 28 U.S.C. § 2241).

[7] *See generally* Resp., ECF No. 3 (filed February 5, 2026); *see also* FED. R. CIV. P. 15(a)(1)(B) (allowing amendment as a matter of course no later than 21 days after service of a responsive pleading).

[8] *See* FED. R. CIV. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.").

[9] *See generally* Am. Pet.

The Court therefore **STRIKES** Petitioner's "Amended Petition for Writ of Habeas Corpus and Order to Show Cause within Three Days" (ECF No. 4) from the docket.  If Petitioner wishes to amend his Original Petition, he must do so in accordance with the requirements set forth under Federal Rule of Civil Procedure 15(a)(2).

The Court further **CLARIFIES** that (at least for the time being) the Original Petition (ECF No. 1) shall remain Petitioner's operative pleading in this case.

**So ORDERED and SIGNED this 17th day of March 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**