**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **REINALDO MORENO-RODRIGUEZ,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| **v.** | § | |
| | § | |
| **WARDEN,** *in his or her capacity as Warden of the ERO El Paso Camp East Montana Detention Center*; | § | |
| **MARY DE ANDA-YBARRA,** *in her official capacity as Field Office Director of Enforcement and Removal Operations, El Paso Field Office, U.S. Immigration and Customs Enforcement*; | § | **EP-26-CV-00084-DCG** |
| **TODD M. LYONS,** *in his official capacity as Acting Director, Immigration and Customs Enforcement*; | § | |
| **KRISTI NOEM,** *in her official capacity as Secretary, U.S. Department of Homeland Security*;[1] **and** | § | |
| **PAMELA JO BONDI,** *in her official capacity as Attorney General of the United States*, | § | |
| | § | |
| ***Respondents*.** | § | |

**ORDER REGARDING *EX PARTE* COMMUNICATION**

Petitioner Reinaldo Moreno-Rodriguez has mailed a letter directly to the undersigned Judge. The Court will not consider that letter for two reasons.

[1] Petitioner has filed a Motion to Amend his Petition to (among other things) substitute Current Secretary Markwayne Mullin in Former Secretary Noem's place as a named Respondent. *See* Mot. Leave Amend, ECF No. 6; *see also* Proposed Am. Pet., ECF No. 6-1, at 1. The Court will update the case caption if and when it grants that Motion to Amend.

First, an attorney represents Petitioner in this matter.[2] As such, only Petitioner's attorney may file documents on Petitioner's behalf.[3]

Second, as far as the Court can tell from the letter and the envelope it arrived in, Petitioner didn't send a copy of the letter to Respondents' counsel. The letter thus appears to be an "*ex parte* communication"—a communication that a litigant makes directly to the Court without including the other parties.[4] With narrow exceptions that don't apply here,[5] the Judiciary's ethical rules forbid Judges from considering or acting upon such communications.[6]

Where, as here, "a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested."[7] The Court will therefore post Petitioner's letter to the public docket and offer Respondents an opportunity to respond to it.

---

[2] *See, e.g.*, Mot. Leave Amend at 1 (counsel's signature block).

[3] *See* Order Denying *Pro Se* Motion for Expedited Ruling, *Goliakov v. Noem*, No. 3:25-CV-00613 (W.D. Tex. Mar. 24, 2026), ECF No. 9 ("A party is not entitled to 'hybrid representation'—that is, to simultaneously proceed *pro se* and through counsel. . . . [B]y filing [a motion] *pro se*, Petitioner has proceeded under 'hybrid representation' without the statutory right to do so. The Court will deny [petitioner's *pro se* motion accordingly] . . . .").

[4] *See Communication*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining an "*ex parte* communication" as "[a] communication between counsel or a party and the court when opposing counsel or party is not present," and noting that "[s]uch communications are ordinarily prohibited").

[5] *See* CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4)(a)–(d).

[6] *See* CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4) ("Except as set out below, a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers.").

[7] *See id.*

The Court therefore **DIRECTS** the Clerk of Court to **POST** Petitioner Reinaldo Moreno-Rodriguez's *ex parte* letter to the public docket.

Respondents **MAY FILE** a response to the letter by **April 2, 2026** if they so choose. As stated, however, the Court doesn't presently intend to take any further action on the letter irrespective of whether Respondents respond to it.

The Court **ADMONISHES** Petitioner not to send further communications to the courthouse (whether *ex parte* or otherwise). If Petitioner wishes to communicate with the Court, he must do so through a formal court filing, submitted by his attorney, that complies with the Federal Rules of Civil Procedure and all other applicable laws and rules.

The Clerk of Court **SHALL MAIL** this Order to:

Reinaldo Moreno-Rodriguez
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

**So ORDERED and SIGNED this 25th day of March 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**