**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **REINALDO MORENO-RODRIGUEZ,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| **WARDEN,** *in his or her official capacity* | § | |
| as Warden of the ERO El Paso Camp East | § | |
| Montana Detention Center; | § | |
| **MARY DE ANDA-YBARRA,** *in her* | § | |
| *official capacity* as Field Office Director of | § | |
| the ICE El Paso Field Office of Enforcement | § | **EP-26-CV-00084-DCG** |
| and Removal Operations, U.S. Immigration | § | |
| and Customs Enforcement; | § | |
| **TODD M. LYONS,** *in his official capacity* | § | |
| as Acting Director, Immigration and | § | |
| Customs Enforcement; | § | |
| **MARKWAYNE MULLIN,** *in his official* | § | |
| *capacity* as Secretary, U.S. Department of | § | |
| Homeland Security; and | § | |
| **TODD BLANCHE,** *in his official capacity* | § | |
| as Acting Attorney General of the United | § | |
| States, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER VACATING STAY OF REMOVAL OR TRANSFER

Petitioner Reinaldo Moreno-Rodriguez challenges Respondents' authority to continue

detaining him while they facilitate his removal from the country.[1]   Because Petitioner argues

---

[1] *See generally* Am. Pet., ECF No. 12.

that 8 U.S.C. § 1231(a)(6) no longer authorizes his continued detention,[2] a primary issue in this case is whether his removal is "significantly likely in the reasonably foreseeable future."[3]

Respondents insist that Petitioner's removal is foreseeable and that they "have taken steps to remove [him]."[4]  Respondents contend, however, that they "have not been able to do so" because of the Court's February 2, 2026 Order prohibiting Respondents from removing or transferring Petitioner.[5]

The Court can't meaningfully assess whether the February 2, 2026 Order is the only impediment to Petitioner's removal while that Order remains in effect.  The Court therefore **VACATES** its February 2, 2026 Order (ECF No. 2) **IN PART** to the extent that it prohibited Respondents from removing or transferring Petitioner while this case is pending.

The Court further **ORDERS** that, **by April 21, 2026**, Respondents must **ADVISE** the Court of (1) how long Respondents anticipate that it will take to effect Petitioner's removal; and (2) to which country.

The Court **DIRECTS** the Clerk of Court to **SUBSTITUTE** Secretary Markwayne Mullin in Former Secretary Kristi Noem's place as a Respondent.[6]

---

[2] *See id.* at 2 ("The 90-day 'removal period' mandated by 8 U.S.C. § 1231(a)(1) expired long ago. The six-month presumptively reasonable detention period . . . expired in 2011.").

[3] *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) ("[A]n alien may be held in confinement [under 8 U.S.C. § 1231(a)(6)] until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

[4] *See* Resp'ts' Resp. Am. Pet., ECF No. 14, at 5.

[5] *See id.*; Order Show Cause, ECF No. 2, at 4–6.

[6] *Compare* Am. Pet. at 1, *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.  Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").

- 3 -

The Court likewise **DIRECTS** the Clerk of Court to **SUBSTITUTE** Acting U.S. Attorney General Todd Blanche in Former Attorney General Pamela Bondi's place as a named Respondent.[7]

**So ORDERED and SIGNED this 14th day of April 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[7] *Supra* note 6.