**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **REINALDO MORENO-RODRIGUEZ,** | § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| **WARDEN,** *in his or her official capacity* as Warden of the ERO El Paso Camp East Montana Detention Center; **MARY DE ANDA-YBARRA,** *in her official capacity* as Field Office Director of the ICE El Paso Field Office of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; **TODD M. LYONS,** *in his official capacity* as Acting Director, Immigration and Customs Enforcement; **MARKWAYNE MULLIN,** *in his official capacity* as Secretary, U.S. Department of Homeland Security; and **TODD BLANCHE,** *in his official capacity* as Acting Attorney General of the United States, | § § § § § § § § § § § § § § § § § § § § § | **EP-26-CV-00084-DCG** |
| *Respondents*. | § | |

**ORDER REQUIRING SUPPLEMENTAL BRIEFING FROM PETITIONER**

Petitioner Reinaldo Moreno-Rodriguez challenges Respondents' authority to continue detaining him while they facilitate his removal from the United States.[1] Because Petitioner argues that 8 U.S.C. § 1231(a)(6) no longer authorizes his continued detention,[2] whether

---

[1] *See generally* Am. Pet., ECF No. 12.

[2] *See id.* at 2 ("The 90-day 'removal period' mandated by 8 U.S.C. § 1231(a)(1) expired long ago. The six-month presumptively reasonable detention period . . . expired in 2011.").

Petitioner's removal is "significantly likely in the reasonably foreseeable future" could determine the outcome of this case.[3]

Thus, on April 14, 2026, the Court ordered Respondents to advise the Court of (1) how long they anticipate that it will take to remove Petitioner, and (2) to what country Petitioner will be removed.[4]  On April 21, 2026, Respondents filed an advisory indicating that "[t]he anticipated timeline for [Petitioner's] removal is currently unknown."[5]  Respondents also claimed, however, that "Petitioner has failed to comply with removal to Mexico under the Cuba, Venezuela, Nicaragua, and Haiti (CVNH) repatriation agreement."[6]  If that's true, then Petitioner may be preventing his own removal.

If so, that could be a problem for Petitioner's case.  8 U.S.C. § 1231(a)(1)(C) authorizes the government to detain any alien that "fails or refuses to cooperate with [the government] in obtaining a travel document to effect his removal, or takes other actions to prevent his removal."[7]  And, importantly, that detention authority "does not [necessarily] present the same constitutional concerns raised by 8 U.S.C. § 1231(a)(6)."[8]

---

[3] *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) ("[A]n alien may be held in confinement [under 8 U.S.C. § 1231(a)(6)] until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

[4] *See* April 14, 2026 Order, ECF No. 16, at 2.

[5] Resp'ts' Advisory, ECF No. 18, at 1.

[6] *Id.*

[7] *See Chande v. Kelly*, No. 4:17-CV-2025, 2018 WL 9414292, at *2 (S.D. Tex. May 10, 2018) (first citing 8 U.S.C. § 1231(a)(1)(C); and then citing *Balogun v. I.N.S.*, 9 F.3d 347, 351 (5th Cir. 1993)).

[8] *Pelich v. I.N.S.*, 329 F.3d 1057, 1060 (9th Cir. 2003); *see also id.* ("The risk of indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas* does not exist when an alien is the cause of his own detention.").

*See also Papa v. Fredrick*, No. 1:20-CV-01021, 2021 WL 1397583, at *2 (W.D. La.) ("An alien who does not comply with the Government's removal efforts may be detained indefinitely." (citing 8

- 3 -

The Court therefore **ORDERS** that, **by April 30, 2026**, Petitioner must **BRIEF** the following questions, **with citations to relevant authority**:

> (1)    Does Petitioner dispute Respondents' assertion that he "has failed to comply with removal to Mexico under the Cuba, Venezuela, Nicaragua, and Haiti (CVNH) repatriation agreement?"  If so, why?
>
> (2)    Does Petitioner dispute that 8 U.S.C. § 1231(a)(1)(C) authorizes detention where an alien fails to comply with removal to Mexico under the CVNH repatriation agreement, with citations to relevant authority?  If so, why?
>
> (3)    Would a determination that 8 U.S.C. § 1231(a)(1)(C) authorizes Petitioner's detention foreclose the relief he seeks?  If not, why?

Respondents may file a response **within five days** of Petitioner's filing.[9]

   **So ORDERED and SIGNED this 23rd day of April 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

C.F.R. § 241(a)(1)(C))), *report and recommendation adopted*, No. 1:20-CV-01021-P, 2021 WL 1396003 (W.D. La. Apr. 13, 2021).

   [9] *Cf.* FED. R. CIV. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").